■ Yung Chong Ho et al., Appellants, v Harminder Uppal, Respondent, et al., Defendant. [12 NYS3d 560]—

In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), entered September 18, 2014, which granted the motion of the defendant Harminder Uppal to vacate so much of a judgment of the same court (Cullen, J.), entered May 18, 2009, as, upon an order of the same court (Cullen, J.), dated October 15, 2008, granting the plaintiffs' unopposed motion pursuant to CPLR 3126 to strike that defendant's answer,

and upon an inquest on the issue of damages, was in favor of the plaintiffs and against the defendant Harminder Uppal in the total sum of $174,391.23.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Harminder Uppal to vacate so much of the judgment entered May 18, 2009, as was in favor of the plaintiffs and against her in the total sum of $174,391.23 is denied.

The plaintiffs commenced this action to recover damages for injury to their property, which is adjacent to property owned by the defendant Harminder Uppal (hereinafter the defendant). During the course of discovery, the plaintiffs served a notice for discovery and inspection, to which the defendant failed to respond. The parties thereafter appeared in court for a conference, at which time the defendant signed a stipulation agreeing to provide the discovery within 30 days. When the defendant again failed to comply, the plaintiffs moved to compel the defendant to provide the discovery. Upon that motion, the court directed the defendant to provide the discovery within 30 days, and provided that failure to comply would result in her answer being stricken, upon the plaintiffs' motion for such relief.

In October 2008, due to the defendant's continued failure to provide the requested discovery, the Supreme Court granted the plaintiffs' unopposed motion pursuant to CPLR 3126 to strike the defendant's answer. An inquest on damages was held, at which the defendant did not appear, and a judgment was entered in the plaintiffs' favor against, among others, the defendant, in the total sum of $174,391.23. Five years later, the defendant moved to vacate the judgment against her. The Supreme Court granted the motion.

Pursuant to CPLR 5015 (a) (1), a court may relieve a party from a judgment on the ground of excusable default, if a motion for that relief is made within one year after service of a copy of the judgment with written notice of entry (see CPLR 5015 [a] [1]; *U.S. Bank N.A. v Bien-Aime*, 123 AD3d 696, 697 [2014]). In addition, even after expiration of the one-year limitations period set forth in CPLR 5015, "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; see *Ray Realty Fulton, Inc. v Lee*, 7 AD3d 772, 773 [2004]; *Bass v Wexler*, 277 AD2d 266, 267 [2000]; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.*, 202 AD2d 629, 629-630 [1994]).

Here, to the extent the defendant sought to vacate the judg-

ment against her pursuant to CPLR 5015 (a) (1), that branch of her motion was untimely because it was not made within one year after service upon her of a copy of the judgment with notice of entry (see CPLR 5015 [a] [1]; *U.S. Bank N.A. v Bien-Aime*, 123 AD3d at 697; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]). Further, contrary to the Supreme Court's conclusion, the interests of substantial justice did not warrant vacating the judgment against the defendant in the exercise of the court's inherent power (see *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 635 [2014]; *Katz v Marra*, 74 AD3d 888, 891 [2010]; *Bass v Wexler*, 277 AD2d at 267).

Accordingly, the defendant's motion to vacate so much of the judgment as was in favor of the plaintiffs and against her should have been denied.

We decline the parties' respective requests for, inter alia, the imposition of sanctions (see 22 NYCRR 130-1.1). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.