■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v RONIT BARR et al., Appellants, et al., Defendants. [30 NYS3d 576]—

In an action to foreclose a mortgage, the defendants Ronit Barr and Shaul Barr appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered January 14, 2015, which denied their motion to compel the plaintiff to accept their late answer and to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In order to compel the plaintiff to accept their untimely answer, which was late by several months, the appellants were required to demonstrate both a reasonable excuse for their delay and a potentially meritorious defense (*see* CPLR 3012 [d]; 5015 [a] [1]; *Deutsche Bank Natl. Trust Co. v Kuldip*, 136 AD3d 969 [2016]). The Supreme Court denied the appellants' motion, inter alia, to compel the plaintiff to accept their late answer. We affirm.

The appellants' proffered excuse for their default was law office failure. They submitted an affidavit of the appellant Shaul Barr, who stated that an unnamed attorney promised to serve an answer on the appellants' behalf but never did so. Barr claimed that he retained the attorney and paid him $750. No documentation supporting these claims was submitted. A party

attributing his or her default to a former attorney must provide "a detailed and credible explanation of the default" (*GMAC Mtge., LLC v Guccione*, 127 AD3d 1136, 1138 [2015] [internal quotation marks omitted]). Conclusory and unsubstantiated allegations of law office failure are not sufficient (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789 [2011]). Here, the appellants' conclusory and unsubstantiated claim of law office failure does not constitute a reasonable excuse for their default.

The appellants' failure to demonstrate a reasonable excuse for their default is a sufficient basis to deny their motion, and renders it unnecessary to determine whether the appellants demonstrated the existence of a potentially meritorious defense (*see e.g. Citimortgage, Inc. v Bustamante*, 107 AD3d 752 [2013]).

Accordingly, the Supreme Court properly denied the appellants' motion. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.