Queens Medical Supply, Inc., as Assignee of Malik Hussain, Appellant, 
against
Hereford Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered July 14, 2014. The order granted defendant's motion to vacate a default judgment and a marshal's notice.




ORDERED that the order is reversed, without costs, and defendant's motion to vacate the default judgment and the marshal's notice is denied.
In June 2009, plaintiff commenced this action to recover assigned first-party no-fault benefits. Defendant failed to appear or answer, and a $6,288.40 default judgment was entered against defendant on December 8, 2009. On May 9, 2013, a marshal's "notice of levy and sale" was issued which stated that $12,102.79 would be levied against defendant's bank account. In September 2013, after its account had been levied, defendant moved to vacate the default judgment and the marshal's notice. By order entered July 14, 2014, the Civil Court granted defendant's motion.
On appeal, plaintiff contends, among other things, that defendant's motion to vacate was untimely, and that defendant failed to show both a reasonable excuse for its default and a meritorious defense to the action.
It is well settled that, within one year after service of a default judgment with notice of entry, a defendant seeking to vacate the judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Sound Shore Med. Ctr. v Lumbermens Mut. Cas. Co., 31 AD3d 743 [2006]). Defendant asserts that, when the summons and complaint were served in June 2009, its employee erroneously returned the documents to plaintiff, instead of forwarding them to defendant's attorney. Defendant argues that it timely moved to vacate the default judgment in September 2013, after it had received the marshal's notice in May 2013. In opposition, plaintiff, among other things, submitted the affidavit of service of its mailing of the December 8, 2009 default judgment, with notice of entry, which stated that these documents were mailed to defendant on December 22, 2009. The affidavit of service created a presumption that defendant had received the default judgment with notice of entry (see Engel v Lichterman, 62 NY2d 943, 944-945 [1984]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]).
While defendant's September 2013 motion to vacate was not made within one year after [*2]the December 2009 service upon defendant of a copy of the default judgment with notice of entry (see CPLR 5015 [a] [1]; Yung Chong Ho v Uppal, 130 AD3d 811, 812 [2015]; U.S. Bank N.A. v Bien-Aime, 123 AD3d 696, 697 [2014]), even after the expiration of the one-year period set forth in CPLR 5015, "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see also Yung Chong Ho v Uppal, 130 AD3d at 812). Nevertheless, in the case at bar, the vacatur of the default judgment upon the exercise of the Civil Court's inherent power was not warranted, inasmuch as defendant failed to address, in its reply papers, the affidavit of service that plaintiff had submitted in opposition to defendant's motion which created a presumption that defendant had received the default judgment with notice of entry in 2009. Even if defendant's employee had erroneously returned the summons and complaint to plaintiff in June 2009, defendant has not proffered any excuse for its failure to move within a reasonable period of time after its receipt of the default judgment with notice of entry (see Matter of Liberty Mut. Ins. Co. v Fiduciary Ins. Co. of Am., 111 AD3d 731, 732 [2013]; Johnson v Nello Homes, 159 AD2d 562 [1990]).
Accordingly, the order is reversed and defendant's motion is denied.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: November 25, 2016