■ LaSalle Bank, N.A., as Trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust, Respondent, v Brian LoRusso et al., Appellants, et al., Defendants. [64 NYS3d 102]—

In an action to foreclose a mortgage, the defendants Brian LoRusso and Tina LoRusso appeal from (1) an order of the Supreme Court, Suffolk County (Asher, J.), dated May 21, 2015, which, in effect, granted the plaintiff's renewed motion for a judgment of foreclosure and sale and denied their cross motion, in effect, pursuant to CPLR 5015 (a) to vacate their default in answering the complaint, pursuant to CPLR 3012 (d) to extend their time to answer the complaint, and, thereupon, to dismiss the complaint insofar as asserted against them, inter alia, for lack of standing, and (2) a judgment of foreclosure and sale of the same court entered June 24, 2015.

Ordered that the appeal from the order dated May 21, 2015, is dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (*see Matter of Aho*, 39 NY2d 241, 248 [1976]); and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In August 2008, the plaintiff commenced this action to foreclose a mortgage. In January 2009, counsel for the defendants Brian LoRusso and Tina LoRusso (hereinafter together the defendants) served a notice of appearance, but the defendants did not serve an answer. The plaintiff subsequently obtained an order of reference; however, its motion for a judgment of foreclosure and sale was denied with leave to renew following a mandatory settlement conference. After the case was released from the settlement conference part, the plaintiff renewed its motion for a judgment of foreclosure and sale. The defendants

cross-moved, in effect, pursuant to CPLR 5015 (a) to vacate their default in failing to answer the complaint, pursuant to CPLR 3012 (d) for leave to serve a late answer, and, thereupon, to dismiss the complaint insofar as asserted against them, inter alia, for lack of standing. The Supreme Court, in effect, granted the plaintiff's motion and denied the defendants' cross motion and, thereupon, entered a judgment of foreclosure and sale. The defendants appeal.

In order to compel the plaintiff to accept their untimely answer, which was late by several years, the defendants were required to demonstrate both a reasonable excuse for their delay and a potentially meritorious defense (*see* CPLR 3012 [d]; 5015 [a] [1]). "A party attributing his or her default to a former attorney must provide a detailed and credible explanation of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient" (*U.S. Bank N.A. v Barr*, 139 AD3d 937, 937-938 [2016] [internal quotation marks and citation omitted]).

Here, in proffering the excuse of law office failure, the defendant Brian LoRusso submitted an affidavit stating only that when he retained counsel in 2009, he was under the impression that this case "would be properly and actively litigated," and that he "mistakenly put faith in the ability of said former counsel to properly handle [this] matter."

The defendants' conclusory and unsubstantiated claim of law office failure does not constitute a reasonable excuse for their default (*see U.S. Bank N.A. v Barr*, 139 AD3d at 938; *M & T Bank v Morris*, 138 AD3d 939 [2016]; *see also Hudson City Sav. Bank v Bomba*, 149 AD3d 704 [2017]).

Since the defendants failed to establish a reasonable excuse for their default, it is not necessary to determine whether they demonstrated a potentially meritorious defense to the action (*see Bank of N.Y. Mellon v Colucci*, 138 AD3d 1047, 1048 [2016]; *M & T Bank v Morris*, 138 AD3d at 940).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion and denied the defendants' cross motion (*see Bank of Am., N.A. v Agarwal*, 150 AD3d 651 [2017]). Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.