Torres v Rely On Us, Inc. (2018 NY Slip Op 06587)





Torres v Rely On Us, Inc.


2018 NY Slip Op 06587


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2015-08740
 (Index No. 14562/13)

[*1]Antonio Torres, et al., respondents, 
v
Rely On Us, Inc., appellant, et al., defendants.


Michael M. Premisler, Carle Place, NY, for appellant.
John J. Leen, White Plains, NY, for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant Rely On Us, Inc., appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated June 25, 2015. The order, insofar as appealed from, denied those branches of the motion of that defendant which were pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Wavny Toussaint, J.) dated November 19, 2014, granting the plaintiffs' unopposed motion for leave to enter a default judgment against it upon its failure to appear or answer the complaint, and to extend the time to serve an answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2013, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage given to the defendant Rely On Us, Inc. (hereinafter ROU). Upon the failure of ROU to appear or answer the complaint, the plaintiffs moved by notice of motion dated February 21, 2014, for leave to enter a default judgment against ROU (see CPLR 3215[a]). The motion, originally returnable on March 24, 2014, was administratively adjourned to May 14, 2014, adjourned again to August 13, 2014, and finally adjourned to November 19, 2014. In an order dated November 19, 2014, the Supreme Court granted the plaintiffs' motion, which was unopposed.
ROU subsequently moved, inter alia, to vacate the order dated November 19, 2014, and to extend the time to serve an answer (see CPLR 5015[a]; 2004, 3012[d]). In support of its motion, ROU submitted, among other things, the affidavit of its transactional attorney, Marc Attia, who stated that he first learned of the instant action "by chance, on the eCourt system" while researching a related foreclosure action, and that he first learned of the plaintiffs' motion in late August or September 2014 when he received a copy of the motion papers in the mail. Attia further stated that when he inquired of ROU's then counsel, counsel claimed to be unaware of the instant action or the plaintiffs' motion, and that ROU retained new counsel thereafter. Rou's new attorney asserted that when the parties appeared before the Supreme Court on November 19, 2014, the court denied ROU's application for further adjournment of the plaintiffs' motion.
In an order dated June 25, 2015, the Supreme Court denied ROU's motion, inter alia, to vacate its default. ROU appeals. On appeal, ROU asserts law office failure (see CPLR 2005; [*2]5015[a][1]) premised on prior counsel's failure to apprise it of the instant action or of the plaintiffs' motion, and failure to appear at the various motion hearing dates or oppose the plaintiffs' motion.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). Similarly, a court may relieve a party from an order on the basis of "excusable default, if such motion is made within one year after service of a copy of the . . . order with written notice of its entry upon the moving party" (CPLR 5015[a][1]; see Yung Chong Ho v Uppal, 130 AD3d 811). However, relief from a default pursuant to CPLR 5015(a)(1) is proper only where the party seeking relief demonstrates a reasonable excuse for the default and a potentially meritorious defense (see Dutchess Truck Repair, Inc. v Boyce, 120 AD3d 543). "A motion to vacate a default is addressed to the sound discretion of the motion court" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894 [internal quotation marks omitted]).
In addition, even after expiration of the one-year limitations period set forth in CPLR 5015, "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see U.S. Bank N.A. v Losner, 145 AD3d 935; Yung Chong Ho v Uppal, 130 AD3d at 812; Hudson City Sav. Bank v Cohen, 120 AD3d 1304; Wells Fargo Bank v Hodge, 92 AD3d 775).
Here, contrary to the plaintiffs' contention, that branch of ROU's motion which was pursuant to CPLR 5015(a)(1) was not untimely, since there is no evidence that the plaintiffs ever served ROU with written notice of entry of the order dated November 19, 2014 (see Capurso v Capurso, 134 AD3d 974, 975; Garcia v Pepe, 42 AD3d 427, 430). Accordingly, the one-year time period never commenced (see CPLR 5015[a][1]).
Nevertheless, we agree with the Supreme Court's determination to deny those branches of ROU's motion which were to vacate the order dated November 19, 2014, and to extend the time to serve an answer. While the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005; Shin v ITCI, Inc., 115 AD3d 736, 737), "[a] party attributing his or her default to a former attorney must provide a detailed and credible explanation of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient" (U.S. Bank N.A. v Barr, 139 AD3d 937, 937-938 [citation and internal quotation marks omitted]; see LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707; Morris v Metropolitan Transp. Auth., 191 AD2d 682). "[M]ere neglect is not a reasonable excuse" (Ki Tae Kim v Bishop, 156 AD3d 776, 777 [internal quotation marks omitted]).
Contrary to ROU's contention, it failed to provide a detailed and credible explanation of the default, and no other evidence was submitted to corroborate the allegation of law office failure (see OneWest Bank, FSB v Singer, 153 AD3d 714, 716). Accordingly, ROU's "bare allegations of incompetence on the part of prior counsel" (Huggins v Parkset Supply, Ltd., 24 AD3d 610, 611 [internal quotation marks omitted]) were insufficient to establish an excusable default under CPLR 5015(a)(1) (see LaSalle Bank, N.A. v LoRusso, 155 AD3d 706; LaSalle Bank N.A. v Calle, 153 AD3d 801; Carillon Nursing & Rehabilitation Ctr., LLP v Fox, 118 AD3d 933, 934; Beale v Yepes, 309 AD2d 886).
Since ROU failed to establish a reasonable excuse for its default in appearing or answering the complaint, it is unnecessary to consider whether it established the existence of a potentially meritorious defense (see CPLR 5015[a][1]; LaSalle Bank N.A. v Calle, 153 AD3d at 803).
Furthermore, the interests of substantial justice did not warrant vacating ROU's default in the exercise of the Supreme Court's inherent power (see Yung Chong Ho v Uppal, 130 AD3d at 813).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court