Bank of N.Y. Mellon v Ruci (2019 NY Slip Op 00252)





Bank of N.Y. Mellon v Ruci


2019 NY Slip Op 00252


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02479
 (Index No. 130270/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Sanije Ruci, appellant, et al., defendants.


Richard A. Rosenzweig, P.C., Staten Island, NY, for appellant.
Day Pitney, LLP, New York, NY (Rachel G. Packer of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sanije Ruci appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated February 23, 2017. The order denied her motion, in effect, pursuant to CPLR 5015(a) to vacate her default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
In this action to foreclose a mortgage, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint. The appellant moved, in effect, pursuant to CPLR 5015(a) to vacate her default in opposing the motion. The Supreme Court denied the appellant's motion.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705 [internal quotation marks omitted]; see NYCTL 1998—2 Trust v McGill, 138 AD3d 1077, 1079). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]; see Hudson City Sav. Bank v Bomba, 149 AD3d at 705).
Here, the Supreme Court providently exercised its discretion in denying the appellant's motion. The appellant's vague and unsubstantiated claim of law office failure by an unidentified attorney was insufficient to establish a reasonable excuse for her default (see LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707; U.S. Bank N.A. v Barr, 139 AD3d 937, 938; M & T Bank v Morris, 138 AD3d 939). Since the appellant failed to establish a reasonable excuse for her default, it is not necessary to determine whether she demonstrated a potentially meritorious defense to the action (see LaSalle Bank, N.A. v LoRusso, 155 AD3d at 706; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048; M & T Bank v Morris, 138 AD3d at 940).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court