U.S. Bank N.A. v Adolphe (2019 NY Slip Op 02375)





U.S. Bank N.A. v Adolphe


2019 NY Slip Op 02375


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-04029
 (Index No. 511047/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Simon Adolphe, etc., appellant, et al., defendants.


Edwin Arnes Attorney Firm, P.C., Sunnyside, NY, for appellant.
Hogan Lovells US LLP, New York, NY (Chenxi Jiao, Lisa J. Fried, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Simon Adolphe appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 30, 2017. The order, insofar as appealed from, denied that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction, or, in the alternative, to vacate his default in answering the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2015, the plaintiff, U.S. Bank National Association, commenced this action to foreclose the mortgage of the defendant Simon Adolphe. Although Adolphe never answered the complaint, on July 15, 2015, his attorney filed a notice of appearance. Adolphe raised no objection regarding personal jurisdiction at that time.
The plaintiff subsequently moved for an order of reference. In support, it submitted, inter alia, the affidavit of a process server, who stated that she delivered the summons and complaint to a person of suitable age and discretion at the mortgaged premises. The process server also mailed a copy of the summons and complaint to Adolphe at the same address.
Adolphe cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction, or, in the alternative, to vacate his default. In support, Adolphe submitted an affidavit in which he stated that he had never resided at the mortgaged premises, which he had purchased for investment purposes. He also stated, regarding his first attorney, "I thought he would immediately file an answer but he did not. I subsequently on numerous occasions asked him about it wherein he always replied I will get to it.'"
In an order dated January 30, 2017, the Supreme Court granted the plaintiff's motion for an order of reference, and denied Adolphe's cross motion. The court determined that Adolphe had waived his right to contest personal jurisdiction, and that he failed to demonstrate that he had a reasonable excuse for his default. Adolphe appeals.
We agree with the Supreme Court's determination that Adolphe had waived any claim [*2]that the court lacked personal jurisdiction over him. "[A]n appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211" (CPLR 320[b]). Here, Adolphe's counsel filed a notice of appearance, and failed to raise any objection to personal jurisdiction at that time by either a timely motion or by interposing a timely answer (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182).
The Supreme Court providently exercised its discretion in denying that branch of Adolphe's motion which was to vacate his default in answering the complaint. "A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Chase Home Fin., LLC v Minott, 115 AD3d 634; see CPLR 5015[a][1]). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Here, Adolphe's "conclusory and unsubstantiated claim of law office failure does not constitute a reasonable excuse for [his] default" (U.S. Bank N.A. v Barr, 139 AD3d 937, 938; cf. Papandrea v Acevedo, 54 AD3d 915, 916). Adolphe's "failure to demonstrate a reasonable excuse for [his] default is a sufficient basis to deny [his] motion, and renders it unnecessary to determine whether [he] demonstrated the existence of a potentially meritorious defense" (U.S. Bank N.A. v Barr, 139 AD3d at 938).
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court