Nationstar Mtge., LLC v Ramnarine (2019 NY Slip Op 03606)





Nationstar Mtge., LLC v Ramnarine


2019 NY Slip Op 03606


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-08353
 (Index No. 24324/09)

[*1]Nationstar Mortgage, LLC, respondent,
v
Ryan Ramnarine, appellant, et al., defendants.


Carl E. Person, New York, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Peter A. Swift of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ryan Ramnarine appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated April 21, 2017. The order denied his motion, inter alia, pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale.
ORDERED that the order is affirmed, with costs.
On December 29, 2005, the defendant Ryan Ramnarine (hereinafter the defendant) executed a promissory note in the amount of $449,440, which was secured by a mortgage on residential property located in Queens. The defendant defaulted on the loan by failing to make the monthly installment payment due on November 1, 2008, or any payments thereafter.
In 2009, the plaintiff commenced this action against the defendant and others to foreclose the mortgage. The defendant interposed an answer. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant failed to oppose the plaintiff's motion and the motion was granted. The plaintiff then moved for a judgment of foreclosure and sale. The motion was granted without opposition, and a judgment of foreclosure and sale was entered. In 2016, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale. By order dated April 21, 2017, the Supreme Court denied the motion, and the defendant appeals.
In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705). "A party attributing his or her default to a former attorney must provide a detailed and credible explanation of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient" (LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707 [internal quotation marks omitted]). Here, in proffering the excuse of law office failure, the defendant submitted his own affidavit and an affidavit of his mother, both stating that they received no communication from the defendant's former attorney after he was retained in 2009, and that they did not know that the former attorney never opposed the plaintiff's [*2]motions. No documentation supporting the defendant's claims was submitted. The defendant's conclusory and unsubstantiated claim of law office failure does not establish a reasonable excuse for his default (see LaSalle Bank, N.A. v LoRusso, 155 AD3d at 707; U.S. Bank N.A. v Barr, 139 AD3d 937, 938; M & T Bank v Morris, 138 AD3d 939, 939; Archer Capital Fund, L.P. v GEL, LLC, 95 AD3d 800, 801; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790).
Since the defendant failed to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious opposition to the motion, including the plaintiff's alleged failure to satisfy the requirements of RPAPL 1304 (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 641; Hudson City Sav. Bank v Bomba, 149 AD3d at 705).
The defendant's remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court