Capital One, NA v Amid (2019 NY Slip Op 05381)





Capital One, NA v Amid


2019 NY Slip Op 05381


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-07126
 (Index No. 17916/10)

[*1]Capital One, NA, etc., respondent,
v
Farah Maleki Amid, appellant, et al., defendants.


Alexander Potruch, LLC, Garden City, NY (John H. Hall, Jr., of counsel), for appellant.
Woods Oviatt Gilman LLP (Knuckles, Komosinski & Manfro LLP, Elmsford, NY [Mark Golab and Loretta Carty], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Farah Maleki Amid appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 3, 2017. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and directed the sale of the subject property. The appeal brings up for review an order of the same court entered November 18, 2015, which denied that defendant's motion pursuant to CPLR 5015(a)(1), in effect, to vacate her default in opposing the plaintiff's motion for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, and to dismiss the complaint insofar as asserted against her.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against, among others, Farah Maleki Amid (hereinafter the defendant), to foreclose a mortgage given by her on real property in Old Brookville. The defendant answered the complaint. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant failed to file timely opposition to the motion.
In two orders, both dated February 20, 2015, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. The defendant subsequently moved, in effect, to vacate her default in opposing the plaintiff's motion and to dismiss the complaint insofar as asserted against her. By order entered November 18, 2015, the court denied the defendant's motion.
The Referee subsequently issued a report as to the amounts due to the plaintiff, and the plaintiff moved, inter alia, to confirm the report. On April 3, 2017, the Supreme Court entered an order and judgment of foreclosure and sale granting the plaintiff's motion and directing the sale of the subject property. The defendant appeals.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the [*2]moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705 [internal quotation marks omitted]; see NYCTL 1998-2 Trust v McGill, 138 AD3d 1077, 1079; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]; see Hudson City Sav. Bank v Bomba, 149 AD3d at 705; Aurora Loan Servs., LLC v Ahmed, 122 AD3d at 557-558). A court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation, although mere neglect is not a reasonable excuse (see Ki Tae Kim v Bishop, 156 AD3d 776, 777; Onewest Bank, FSB v Singer, 153 AD3d 714, 716; Servilus v Walcott, 148 AD3d 743).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion, inter alia, in effect, to vacate her default in opposing the plaintiff's motion. The defendant's unsubstantiated claim of law office failure by prior counsel was insufficient to establish a reasonable excuse for her default (see Bank of N.Y. Mellon v Ruci, 168 AD3d 799; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 706; U.S. Bank N.A. v Barr, 139 AD3d 937, 938; M & T Bank v Morris, 138 AD3d 939). Since the defendant failed to establish a reasonable excuse for her default, it is not necessary to determine whether she demonstrated a potentially meritorious opposition to the motion (see LaSalle Bank, N.A. v LoRusso, 155 AD3d at 706; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048; M & T Bank v Morris, 138 AD3d at 940).
Contrary to the defendant's further contention, under the circumstances here, the Referee was not required to conduct a hearing prior to issuing his report to the Supreme Court (see Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702).
The defendant's remaining contentions are without merit.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court