U.S. Bank, N.A. v Essaghof (2019 NY Slip Op 08888)





U.S. Bank, N.A. v Essaghof


2019 NY Slip Op 08888


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06042
 (Index No. 604729/17)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Roger Essaghof, et al., appellants, et al., defendants.


Charles Wallshein, Melville, NY, for appellants.
McGlinchey Stafford PLLC, New York, NY (Jason A. McCumber, Brian S. McGrath, and Victor L. Matthews of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Roger Essaghof and Katherine Essaghof appeal from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated April 11, 2018. The order denied those defendants' motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated November 6, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against them and for an order of reference.
ORDERED that the order dated April 11, 2018, is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendants Roger Essaghof and Katherine Essaghof (hereinafter together the defendants). The defendants answered the complaint. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants did not oppose the motion. By order dated November 6, 2017, the Supreme Court granted the motion. The defendants then moved pursuant to CPLR 5015(a)(1) to vacate the order dated November 6, 2017, on the ground of law office failure. In an order dated April 11, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
We agree with the Supreme Court's determination to deny the defendants' motion pursuant to CPLR 5015(a)(1). "A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion" (Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284, 1284; see CPLR 5015[a][1]; Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886; see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). "The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252; see Torres v Rely On Us, Inc., 165 AD3d 731, 733; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). "Conclusory and unsubstantiated allegations of law office failure are not sufficient" (Torres v Rely On Us, Inc., 165 AD3d at 733 [internal quotation marks omitted]; see LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707; U.S. Bank N.A. v Barr, 139 AD3d 937, 937-938). "[M]ere neglect [*2]is not a reasonable excuse" (Torres v Rely On Us, Inc., 165 AD3d at 733 [internal quotation marks omitted]; see OneWest Bank, FSB v Singer, 153 AD3d 714, 716; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049).
In support of their motion, the defendants submitted an affirmation from their attorney, who explained that he had left for Florida on a two-week vacation for his wedding and honeymoon a day before the plaintiff served and filed its motion. Counsel asserted that, when he returned and checked his unread emails, the email to which the plaintiff's motion papers were annexed was not among his unread emails, and therefore he was "unaware that Plaintiff had filed [its] motion."
In opposition to the defendants' motion, the plaintiff submitted copies of numerous New York State Courts Electronic Filing (hereinafter NYSCEF) email notifications and alerts from the Supreme Court, Suffolk County, sent prior to the return date of the plaintiff's motion, demonstrating that at least five separate automated court notices concerning the plaintiff's motion filing had been emailed to the defendants' attorney prior to the return date of the plaintiff's motion, including one that was emailed more than two weeks after the defendants' attorney left for his two-week vacation. Absent any explanation that would take into account the email notification that arrived after he had returned to the office, and his failure to provide the exact details concerning when he became aware of the default and precisely what he did upon learning of the order granting the plaintiff's unopposed motion (cf. Diamond v Leone, 173 AD3d 686, 687-688), the defendants' claim of law office failure was insufficient to demonstrate a reasonable excuse for their default (see Option One Mtge. Corp. v Rose, 164 AD3d at 1252).
Since the defendants failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether they demonstrated the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d at 985; Option One Mtge. Corp. v Rose, 164 AD3d at 1253).
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court