Bank of N.Y. Mellon v Daniels (2020 NY Slip Op 01039)





Bank of N.Y. Mellon v Daniels


2020 NY Slip Op 01039


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-04417
 (Index No. 501447/14)

[*1]Bank of New York Mellon, etc., respondent, 
v
Reginald Daniels, et al., appellants, et al., defendants.


Vivian M. Williams, New York, NY, for appellants.
Davidson Fink LLP (Winston & Strawn LLP, New York, NY [Heather E. Saydah], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Reginald Daniels and Gillian Fraser appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated February 22, 2017. The judgment of foreclosure and sale, upon an order of the same court also dated February 22, 2017, inter alia, granting the plaintiff's motion for a judgment of foreclosure and sale and denying those defendants' cross motion, among other things, to vacate their default in answering the complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d), confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against the defendant Reginald Daniels, among others, to foreclose a mortgage on real property in Brooklyn. The defendant Gillian Fraser was served with the summons and complaint as John Doe #4. Neither Daniels nor Fraser (hereinafter together the defendants) answered the complaint. By order dated June 1, 2015, the Supreme Court granted the plaintiff's unopposed motion, inter alia, to amend the caption to substitute Fraser as John Doe #4, for leave to enter a default judgment against the defendants, and for an order of reference. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendants cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d). In an order dated February 22, 2017, the court granted the plaintiff's motion and denied the defendants' cross motion. A judgment of foreclosure and sale was issued on the same date. The defendants appeal.
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Chase Home Fin., LLC v Minott, 115 AD3d 634, 634; see CPLR 5015[a][1]; U.S. Bank N.A. v Adolphe, 170 AD3d 1236, 1237). Here, we agree with the Supreme Court's determination that the defendants' "participation in settlement conferences and loan modification negotiations did not constitute a reasonable excuse for [their] default, nor did [their] claim that, despite the warning language contained in the summons, [they were] unaware of [their] obligation to serve an answer" (U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109 [citations [*2]omitted]; see HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648; Chase Home Fin., LLC v Minott, 115 AD3d at 634). Since the defendants failed to establish a reasonable excuse for their default in answering the complaint, it is unnecessary to consider whether they established the existence of a potentially meritorious defense, including lack of standing or failure to comply with RPAPL 1304 (see Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 492; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027; U.S. Bank N.A. v Barr, 139 AD3d 937, 938). For the same reasons, the defendants were not entitled to vacatur of the order of reference (see CPLR 5015[a][1]; Bank of N.Y. Mellon v Tedesco, 174 AD3d at 492).
The defendants' remaining contentions regarding the plaintiff's compliance with CPLR 3215 and the Supreme Court's personal jurisdiction over Fraser, raised for the first time on appeal, are not properly before this Court (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 829; see also CPLR 3211[e]).
Accordingly, we agree with the Supreme Court's determination denying the defendants' cross motion and granting the plaintiff's motion for a judgment of foreclosure and sale (see Bank of N.Y. Mellon v Tedesco, 174 AD3d at 492-493).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court