Wells Fargo Bank, N.A. v Arratia (2022 NY Slip Op 04579)

Wells Fargo Bank, N.A. v Arratia

2022 NY Slip Op 04579

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01423
 (Index No. 6370/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Freddy Arratia, et al., appellants, et al., defendants.

J. A. Sanchez-Dorta, Howard Beach, NY, for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Freddy Arratia and Monica Arratia appeal from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered May 15, 2020. The order denied the motion of the defendant Monica Arratia pursuant to CPLR 5015(a)(1) and (3) to vacate a judgment of foreclosure and sale of the same court (Jeremy S. Weinstein, J.) entered April 10, 2018.
ORDERED that the appeal by the defendant Freddy Arratia is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed on the appeal by the defendant Monica Arratia, without costs or disbursements.
In March 2009, the plaintiff commenced this action against the defendant Monica Arratia (hereinafter the defendant), among others, to foreclose a mortgage encumbering real property located in Queens. The defendant failed to appear or answer the complaint, and on April 10, 2018, a judgment of foreclosure and sale was entered upon her default. Thereafter, in September 2018, the defendant moved pursuant to CPLR 5015(a)(1) and (3) to vacate the judgment of foreclosure and sale. In an order entered May 15, 2020, the Supreme Court denied the motion, and the defendant appeals.
"A defendant seeking to vacate a judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Emigrant Sav. Bank v Burke, 199 AD3d 652, 652; see LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Deutsche Bank Natl. Trust Co. v Ramirez, 117 AD3d 674, 675). "'The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse'" (Bank of Am., N.A. v Murjani, 199 AD3d 630, 631, quoting Ki Tae Kim v Bishop, 156 AD3d 776, 777; see CPLR 2005; U.S. Bank N.A. v Stathakis, 202 AD3d 1026; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). "'A party attributing his or her default to a former attorney must provide a detailed and credible explanation [*2]of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient'" (U.S. Bank N.A. v Stathakis, 202 AD3d at 1028, quoting Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 886 [internal quotation marks omitted]; accord LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707).
Here, the Supreme Court providently exercised its discretion in determining that the defendant failed to demonstrate a reasonable excuse for her default, as she proffered only a conclusory and unsubstantiated claim of law office failure (see Emigrant Sav. Bank v Burke, 199 AD3d 652; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706). Since the defendant failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she established a potentially meritorious defense to the action (see Emigrant Sav. Bank v Burke, 199 AD3d 652).
Moreover, the defendant failed to demonstrate her entitlement to relief pursuant to CPLR 5015(a)(3), which permits a court to relieve a party from a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party. The defendant's contention that the plaintiff fraudulently obtained the judgment of foreclosure and sale by making false allegations in the complaint about its standing to commence the action amounts to an allegation of intrinsic fraud (see HSBC Bank USA, N.A. v Walker, 201 AD3d 795; CitiMortgage, Inc. v Nunez, 198 AD3d 865; JPMorgan Chase Bank, N.A. v Multani, 196 AD3d 549; LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (CitiMortgage, Inc. v Nunez, 198 AD3d at 866). Here, as discussed above, the defendant failed to present a reasonable excuse for her default (see Emigrant Sav. Bank v Burke, 199 AD3d 652; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(1) and (3) to vacate the judgment of foreclosure and sale.
The defendant's remaining contention need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court