Bank of N.Y. Mellon v Geffrard (2023 NY Slip Op 01882)

Bank of N.Y. Mellon v Geffrard

2023 NY Slip Op 01882

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13832
 (Index No. 12114/10)

[*1]Bank of New York Mellon, etc., respondent,
v
Jean Robert Geffrard, et al., defendants, Emmanuel Roy, appellant.

Rozario Touma, P.C., New York, NY (Rovin R. Rozario of counsel), for appellant.
Pincus Law Group, PLLC, Uniondale, NY (Barry Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Emmanuel Roy appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 5, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendant Emmanuel Roy which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court (David B. Vaughan, J.) dated September 5, 2012, granting the plaintiff's unopposed motion, inter alia, for summary judgment dismissing that defendant's counterclaims, and granted the plaintiff's unopposed motion to confirm a referee's report, for a judgment of foreclosure and sale, and for an award of attorneys' fees.
ORDERED that the appeal from so much of the order dated September 5, 2019, as granted the plaintiff's unopposed motion to confirm a referee's report, for a judgment of foreclosure and sale, and for an award of attorneys' fees is dismissed, as no appeal lies from a portion of an order that was entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated September 5, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Pursuant to CPLR 5015(a)(1), a court may relieve a party from a judgment or order on the ground of excusable default, if a motion for that relief is made within one year after service of a copy of the judgment or order with written notice of entry (see id.; U.S. Bank N.A. v Bien-Aime, 123 AD3d 696, 697). Moreover, even after expiration of the one-year limitations period set forth in CPLR 5015, "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Yung Chong Ho v Uppal, 130 AD3d 811, 812).
Here, that branch of the motion of the defendant Emmanuel Roy (hereinafter the defendant) which was pursuant to CPLR 5015(a)(1) to vacate an order dated September 5, 2012, granting the plaintiff's unopposed motion, inter alia, for summary judgment dismissing the defendant's counterclaims, was untimely since it was not made within one year after service upon [*2]him of a copy of the order with written notice of entry (see id.; Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d 1151, 1153; Yung Chong Ho v Uppal, 130 AD3d at 813). Further, there was no basis for an extension of the one-year period in the exercise of discretion, since the defendant failed to demonstrate a reasonable excuse for his lengthy delay in moving to vacate that order (see Yung Chong Ho v Uppal, 130 AD3d at 813; U.S. Bank N.A. v Bien-Aime, 123 AD3d at 697).
The defendant's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court