■ In the Matter of LORECE COBOURNE, Respondent, v NAPH-TALIE JAMES, Appellant. [826 NYS2d 696]—

In a child custody proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, which were heard in the Supreme Court (*see* 22 NYCRR 41.1), the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Morgenstern, J.), dated May 23, 2005, as, after a hearing, awarded the mother sole custody of the subject child, found that he committed acts against the mother constituting assault, harassment, and menacing, and directed the entry of an order of protection for a period of one year.

Ordered that the appeal from so much of the order as directed the appellant to observe the conditions of the order of protection for a period of one year is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Upon weighing the appropriate factors (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]), the hearing court correctly determined that the best interests of the child would be served by granting the mother sole custody. Although the father denied the allegations of his violent behavior and verbal abuse directed at the mother, the hearing court resolved the conflicting testimony in favor of the mother, and on this record there is no basis to disturb the court's credibility determination (*see Matter of Moreno v Cruz,* 24 AD3d 780, 781 [2005]). Further, the hearing court also properly determined that the mother would be better able to foster a positive relationship between the subject child and the non-custodial parent (*see Matter of Hartsough v Hartsough,* 270 AD2d 349, 350 [2000]).

The appeal from so much of the order as directed the appellant to observe the conditions of the order of protection for a period of one year have been rendered academic by the passing of the time limits therein; however, in light of the enduring consequences which may flow from an adjudication that a party has

committed a family offense, the appeal from so much of the order as, in effect, made that adjudication is not academic (*see Matter of Kravitz v Kravitz,* 18 AD3d 874 [2005]). Contrary to the father's contention, the record supports the hearing court's determination that, based on a fair preponderance of the credible evidence, he committed the family offenses constituting assault, harassment, and menacing, warranting the issuance of the order of protection (*see* Family Ct Act §§ 812, 832; Penal Law §§ 120.00, 120.15, 240.26). Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.