■ MARIA M. MENDOZA et al., Appellants, v PLAZA HOMES, LLC, et al., Respondents. (And a Third-Party Action.) [865 NYS2d 342]—

In an action to recover damages for injury to property and for a judgment declaring that a house erected upon premises owned by the defendants Plaza Homes, LLC, and Alfred Basal at 175-12 90th Avenue in Jamaica encroaches upon the premises owned by the plaintiffs at 90-01 175th Street in Jamaica, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered April 30, 2007, as denied their motion to reject the report of a judicial hearing officer (Leviss, J.H.O.), dated October 18, 2006, made after a hearing, finding that the house erected on premises owned by the defendants Plaza Homes, LLC, and Alfred Basal does not encroach on their premises, granted the cross motion of the defendants Plaza Homes, LLC, Alfred Basal, Haban Construction Corp., and Habibollah Vafai to confirm the report, and directed judgment in favor of the defendants and against them dismissing the second cause of action to recover damages for injury to property and, in effect, declaring that the house erected on the premises owned by the defendants Plaza Homes, LLC, and Alfred Basal does not encroach on their premises.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the house erected on the premises owned by the defendants Plaza Homes, LLC, and Alfred Basal at 175-12 90th Avenue in Jamaica does not encroach on the premises owned by the plaintiffs at 90-01 175th Street in Jamaica.

The plaintiffs urge this Court to consider evidence that was

not introduced at the hearing before the judicial hearing officer (hereinafter the JHO), and that was not before the JHO at the time when the JHO rendered the report that is the subject of this appeal. However, "[m]atter dehors the record is not to be considered on appeal" (*Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]; *see Juarbe v City of New York*, 303 AD2d 462 [2003]; *Matter of Hogg v Cianciulli*, 247 AD2d 474 [1998]; *Carhuff v Barnett's Bake Shop*, 54 AD2d 969 [1976]). "[A]ppellate review is limited to the record made at the nisi prius court and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" (*Block v Magee*, 146 AD2d 730, 732 [1989]). Even were we to take judicial notice of a stop-work order issued by the New York City Department of Buildings (*see generally Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]), its contents would not justify disturbing the recommendations made in the report of the JHO, which were confirmed by the Supreme Court.

The plaintiffs contend that they were denied the effective assistance of trial counsel. " '[I]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained' " (*Matter of Robinson*, 44 AD3d 961, 961 [2007], quoting *Matter of Saren v Palma*, 263 AD2d 544, 545 [1999]; *see Matter of Cichosz v Cichosz*, 12 AD3d 598, 599 [2004]; *Matter of Ketcham v Crawford*, 1 AD3d 359, 361 [2003]; *Department of Social Servs. v Trustum C.D.*, 97 AD2d 831 [1983]). The plaintiffs failed to demonstrate the existence of extraordinary circumstances. Additionally, their reliance on *Dwyer v Nicholson* (193 AD2d 70, 76-77 [1993]), is misplaced.

We find no basis to impose a sanction against the plaintiffs.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the house erected on premises owned by the defendants Plaza Homes, LLC, and Alfred Basal at 175-12 90th Avenue in Jamaica does not encroach on premises owned by the plaintiffs at 90-01 175th Street in Jamaica (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.