■ Patricia McVeigh, Respondent, v Warren Curry, Appellant. [902 NYS2d 371]—In an action for a divorce and ancillary relief, the defendant father appeals from an interlocutory judgment of the Supreme Court, Rockland County (Nelson, J.), dated September 18, 2009, which, upon a decision of the same court dated August 14, 2009, made after a nonjury trial, awarded sole custody of the parties' children to the plaintiff mother.

Ordered that the interlocutory judgment is affirmed, with costs to the respondent.

The essential consideration in making an award of custody is the best interests of the children (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; Mohen v Mohen, 53 AD3d 471, 472 [2008]). "Factors to be considered include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the

child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Kaplan v Kaplan*, 21 AD3d 993, 994-995 [2005], quoting *Miller v Pipia*, 297 AD2d 362, 364 [2002]).

Here, the Supreme Court's determination to award sole custody of the parties' children to the mother has a sound and substantial basis in the record, and will not be disturbed (*see Salvatore v Salvatore*, 68 AD3d 966, 967 [2009]; *Matter of Cobourne v James*, 35 AD3d 734 [2006]). There is sufficient evidence in the record to support the Supreme Court's conclusion that the mother would be the better party to foster a positive relationship between the children and the other parent (*see Bains v Bains*, 308 AD2d 557, 558-559 [2003]).

Regarding the father's contention that he received ineffective assistance of counsel, "[i]n the context of civil litigation, a claim of ineffective assistance will not be entertained, absent extraordinary circumstances" (*Salvatore v Salvatore*, 68 AD3d at 967; *see Galil, LLC v Scott*, 61 AD3d 820 [2009]; *Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008]). No such extraordinary circumstances are present here.

The father's remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Miller, Chambers and Lott, JJ., concur.