■ EASTERN CAPITAL GROUP, LLC, Respondent, v 26 REALTY BUILDERS USA, INC., et al., Defendants, and YVETTE MICHEL, Also Known as MARIE PIERRE-LOUIS and Others, Appellant. [916 NYS2d 776]—

In an action to foreclose a mortgage, the defendant Yvette Michel, also known as Marie Pierre-Louis, also known as Marie Yvette Pierre-Louis, also known as Marie Michel, appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Solomon, J.), dated November 6, 2009, which, upon the defendants' default in answering the complaint, granted the plaintiff's motion, among other things, to confirm a referee's report, confirmed the referee's report, and directed the sale of the subject property.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage, naming, as a defendant, the appellant, who had filed a notice of pendency on the subject property with respect to an action she had commenced against the mortgagor. After all of the defendants failed to answer or appear with respect to the summons and complaint, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment, and referred the matter to a referee to ascertain and compute the amount due on the note and mortgage. After the referee prepared his report, the plaintiff moved, inter alia, to confirm the referee's report and direct the entry of a judgment of foreclosure and sale. The appellant's former attorney filed an affirmation in opposition to the motion. The appellant appeals from an order and judgment of the Supreme Court, which granted the plaintiff's motion,

confirmed the referee's report, and directed the sale of the subject property.

On appeal, the appellant contends that her former attorney's conduct constituted ineffective assistance of counsel. "[I]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (*Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008] [internal quotation marks omitted]; *see McVeigh v Curry*, 74 AD3d 915, 916 [2010]; *Galil, LLC v Scott*, 61 AD3d 820 [2009]). The appellant has failed to establish the existence of any extraordinary circumstances in this case.

The appellant's remaining contentions are not properly before this Court because they either relate to defenses which should have been raised in an answer (*see* CPLR 3018 [b]; *Fade v Pugliani/Fade*, 8 AD3d 612, 614-615 [2004]) or are raised for the first time on appeal. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.