■ EILEEN NUGENT, Appellant, v DIOCESE OF ROCKVILLE CENTRE et al., Respondents. [26 NYS3d 556]—

In an action, inter alia, to recover damages for negligent misrepresentation, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Diamond, J.), dated March 1, 2011, which denied her motion for leave to amend the complaint, and (2) a judgment of the same court (Bruno, J.), dated February 13, 2014, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the plaintiff's brief fails to set forth any argument regarding her appeal from the order dated March 1, 2011, that appeal must be dismissed as abandoned (see Ellner v Schwed, 48 AD3d 739 [2008]).

The plaintiff was formerly employed as a teacher by the defendant St. Martin of Tours School (hereinafter St. Martin) until February 2010, when she was terminated from her position. Thereafter, the plaintiff commenced this action against, among others, the Diocese of Rockville Centre and St. Martin (hereinafter together the defendants). In an order dated August 6, 2010, the Supreme Court directed the dismissal of the complaint pursuant to CPLR 3211 (a), except for the cause of action alleging negligent misrepresentation asserted against the defendants. In an order dated March 1, 2011, the court denied the plaintiff's motion for leave to amend the complaint. A trial on the remaining cause of action was held and, after the plaintiff rested, the court granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law. The court subsequently entered a judgment on February 13, 2014, which was in favor of the defendants and against the plaintiff dismissing the complaint.

The plaintiff contends that she was deprived of the effective

assistance of counsel at trial. However, in the context of civil litigation, a claim of ineffective assistance of counsel will not be entertained absent extraordinary circumstances (*see Eastern Capital Group, LLC v 26 Realty Bldrs. USA, Inc.*, 81 AD3d 686 [2011]; *Galil, LLC v Scott*, 61 AD3d 820 [2009]; *Mendoza v Plaza Homes, LLC*, 55 AD3d 692 [2008]). Here, the plaintiff failed to establish the existence of any extraordinary circumstances to warrant entertaining such a claim.

The evidentiary rulings which the plaintiff contends were in error were proper exercises of the Supreme Court's broad discretion in making such rulings (*see Newark v Pimentel*, 117 AD3d 581 [2014]; *Johnson v Ingalls*, 95 AD3d 1398 [2012]; *Montes v New York City Tr. Auth.*, 46 AD3d 121 [2007]). Finally, the court did not err in granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, as, upon the evidence presented, there was no rational process by which the trier of fact could make a finding in favor of the plaintiff (*see* CPLR 4401; *Martinez v Mullarkey*, 41 AD3d 666 [2007]; *Gumbs v New York Prop. Ins. Underwriting Assn.*, 114 AD2d 933 [1985]). A cause of action alleging negligent misrepresentation requires a plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff, (2) that the information was incorrect, and (3) reasonable reliance on the information (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]; *Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890 [2015]; *Simmons v Allstate Indem. Co.*, 112 AD3d 611 [2013]). The plaintiff failed to establish the second two elements of her cause of action. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.