HBJOBaron Assoc. v Leahing (2016 NY Slip Op 05793)





HBJOBaron Assoc. v Leahing


2016 NY Slip Op 05793


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2015-07764
 (Index No. 4262/13)

[*1]HBJOBaron Associates, respondent, 
v
Sophia Leahing, et al., appellants, et al., defendants.


Heslop & Kalba LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for appellants.
Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Sophia Leahing and Gary Cole appeal from an order of the Supreme Court, Kings County (Kurtz, J.), dated May 19, 2015, which denied their cross motion, inter alia, to vacate two orders of the same court dated December 17, 2013, and March 10, 2014.
ORDERED that the order is affirmed, with costs.
The appellants in this commercial mortgage foreclosure action contend that they were entitled to vacatur of two prior orders of the Supreme Court because their former attorneys' conduct constituted ineffective assistance of counsel. "[I]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (Mendoza v Plaza Homes, LLC, 55 AD3d 692, 693 [internal quotation marks omitted]; see Nugent v Diocese of Rockville Ctr., 137 AD3d 760, 761; Eastern Capital Group, LLC v 26 Realty Bldrs. USA, Inc., 81 AD3d 686, 687; McVeigh v Curry, 74 AD3d 915, 916; Columbian Mut. Life Ins. Co. v Portes, 290 AD2d 905, 906). Here, the appellants failed to establish the existence of any extraordinary circumstances. Accordingly, the court properly denied the appellants' cross motion, inter alia, to vacate the two prior orders on the ground that their former attorneys were ineffective.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court