█ HUDSON CITY SAVINGS BANK, Respondent, v AMERICO BOMBA et al., Appellants. [51 NYS3d 570]—

In an action to foreclose a mortgage, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated May 14, 2015, as granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and denied those branches of their cross motion which were pursuant to CPLR 2221 (e) for leave to renew or, in the alternative, pursuant to CPLR 5015 (a) to vacate an order of the same court dated November 10, 2014, granting the plaintiff's unopposed motion for summary judgment and to strike the answer, pursuant to CPLR 3025 for leave to amend the answer, and for summary judgment dismissing the complaint, and (2) from a judgment of foreclosure and sale of the same court entered May 18, 2015, upon the order dated May 14, 2015.

Ordered that the appeal from the order dated May 14, 2015, is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated May 14, 2015, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated May 14, 2015, are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action to foreclose a mortgage on the defendants' residential property. The plaintiff moved for summary judgment on the complaint, to strike the defendants'

answer, and for an order of reference. The defendants failed to oppose the motion, and the court granted it. When the plaintiff subsequently moved, inter alia, for a judgment of foreclosure and sale, the defendants, represented by a new attorney, cross-moved, among other things, for leave to renew or, alternatively, pursuant to CPLR 5015 (a) to vacate the prior order granting the plaintiff summary judgment, for leave to amend the answer, and for summary judgment dismissing the complaint.

That branch of the defendants' cross motion which was for leave to renew was properly denied, since there was no opposition to the plaintiff's motion for summary judgment that could have been renewed (*see* CPLR 2221; *Dobbyn-Blackmore v City of New York*, 123 AD3d 1083 [2014]).

"In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*New Century Mtge. Corp. v Chimmiri*, 146 AD3d 893, 894 [2017] [internal quotation marks omitted]; *see Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557 [2014]). " 'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court' " (*Bank of N.Y. Mellon v Colucci*, 138 AD3d 1047, 1047 [2016], quoting *BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790, 791 [2015]).

Here, the Supreme Court providently exercised its discretion in rejecting the proffered excuse of law office failure. The affidavit of the defendant Americo Bomba reveals that the defendants' former attorney made a conscious decision not to respond to the plaintiff's motion for summary judgment because, as he represented to the defendants, they "had no defense to it." Thus, there was no mistake, and the failure to respond was not inadvertent. At most, "the advice, and the defendant[s'] decision to follow it, constituted a 'misguided strategy,' not law office failure" (*Bank of N.Y. Mellon v Colucci*, 138 AD3d at 1048, quoting *OCE Bus. Sys. v Sopher & Co.*, 186 AD2d 464, 464 [1992]). Since the defendants failed to establish a reasonable excuse for their default, it is not necessary to determine whether they demonstrated a potentially meritorious opposition to the motion (*see Bank of N.Y. Mellon v Colucci*, 138 AD3d at 1048; *Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman*, 131 AD3d 1140, 1141 [2015]).

As to the defendants' contention that their default should be vacated because they received ineffective assistance of counsel, " '[i]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary

circumstances, a claim of ineffective assistance of counsel will not be entertained' " (*HBJOBaron Assoc. v Leahing*, 142 AD3d 585, 585 [2016], quoting *Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008]; *see Nugent v Diocese of Rockville Ctr.*, 137 AD3d 760, 761 [2016]; *Eastern Capital Group, LLC v 26 Realty Bldrs. USA, Inc.*, 81 AD3d 686, 687 [2011]). Here, the defendants have failed to establish the existence of extraordinary circumstances (*see HBJOBaron Assoc. v Leahing*, 142 AD3d at 585-586; *Eastern Capital Group, LLC v 26 Realty Bldrs. USA, Inc.*, 81 AD3d at 687).

The defendants' contention that the plaintiff's submissions in support of its prior motion were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (*see Emigrant Bank v Marando*, 143 AD3d 856 [2016]; *PHH Mtge. Corp. v Celestin*, 130 AD3d 703, 704 [2015]).

The defendants' remaining contentions are without merit. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.