Pines v New York City Dept. of Educ. (2020 NY Slip Op 04978)





Pines v New York City Dept. of Educ.


2020 NY Slip Op 04978


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2017-00919
 (Index No. 8932/07)

[*1]Glenn Pines, appellant, 
v
New York City Department of Education, et al., respondents.


Glenn Pines, Brooklyn, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and John Moore of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 1, 2016. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in permitting a defense witness to testify before the plaintiff rested to accommodate the witness's schedule (see CPLR 4011; Matter of Tracey v Tracey, 235 AD2d 838, 839). Any potential juror confusion was minimized by the court's appropriate explanatory instruction (see Matter of New York City Asbestos Litig., 121 AD3d 230, 245, affd 27 NY3d 1172, affd 27 NY3d 765).
"In the context of civil litigation, a claim of ineffective assistance will not be entertained, absent extraordinary circumstances" (Salvatore v Salvatore, 68 AD3d 966, 967; see Hudson City Savings Bank v Bomba, 149 AD3d 704, 705-706; Mendoza v Plaza Homes, LLC, 55 AD3d 692, 693). Here, the plaintiff failed to establish the existence of extraordinary circumstances.
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court