Qian "Llily" Zhu v Xiao "Joy" Hong Li (2021 NY Slip Op 50089(U))

[*1]

Qian "Lily" Zhu v Xiao "Joy" Hong Li

2021 NY Slip Op 50089(U) [70 Misc 3d 139(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-624 RI C

Qian "Lily" Zhu, Appellant,
against
Xiao "Joy" Hong Li, Respondent. 

Qian "Lily" Zhu, appellant pro se.
Jacobi, Sieghardt, Bousanti, Piazza & Fitzpatrick, P.C., (Mark S. Piazza of counsel), for
respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Richmond County
(Remy Smith, J.), entered November 9, 2020. The final judgment, upon a decision of that court
dated May 1, 2020, after a nonjury trial, dismissed the petition in a summary proceeding brought
pursuant to RPAPL 713 (10).

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
May 1, 2020 is deemed a premature notice of appeal from the final judgment entered November
9, 2020 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
Petitioner commenced this summary proceeding by order to show cause in lieu of a notice of
petition (see CPLR 403 [d]) pursuant to RPAPL 713 (10) against respondent, her mother,
seeking to be restored to the house in which she had previously resided with respondent. After a
nonjury trial, at which both parties were represented by counsel, the Civil Court dismissed the
petition, finding that petitioner did not establish a tenancy and that, in any event, she surrendered
any rights she had.
Contrary to petitioner's arguments, the petition was properly dismissed. First, upon a review
of the record, we find that petitioner was a licensee and not a tenant because, among other things,
she was not given exclusive possession of designated space in her mother's home (see Andrews v Acacia Network, 59
Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Federation of Orgs., Inc. v Bauer, 6
Misc 3d 10 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). A licensee cannot
maintain an unlawful entry and detainer proceeding (see Andrews v Acacia Network, 59
Misc 3d at 12; Padilla v Rodriguez,
61 Misc 3d 133[A], 2018 NY Slip Op 51471[U] [App Term, 1st Dept 2018]; World Evangelization Church v Devoe St.
Baptist [*2]Church, 27 Misc 3d 141[A], 2010 NY Slip
Op 50996[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In any event,
respondent demonstrated that petitioner agreed to accept $6,000 to vacate the premises. On or
about April 1, 2020, respondent transferred $5,000 to petitioner when petitioner moved all of her
belongings to her car. Respondent gave petitioner an additional $1,000 in cash when petitioner
signed a surrender agreement dated April 1, 2020. Thus, even if petitioner's interest in the subject
property was something more than a license, she surrendered it for consideration.
Petitioner, now pro se, also asserts on appeal that her attorney failed to adequately represent
her at trial. "[I]n the context of civil litigation, an attorney's errors or omissions are binding on
the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel
will not be entertained" (Mendoza v
Plaza Homes, LLC, 55 AD3d 692, 693 [2008] [internal quotation marks omitted]; see Hudson City Sav. Bank v Bomba,
149 AD3d 704 [2017]). Petitioner not only failed to assert any extraordinary circumstances,
but also failed to set forth any arguments or facts which would have altered the outcome had they
been presented at trial.
Accordingly, the final judgment is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021