New Penn Fin., LLC v Rubin (2022 NY Slip Op 04730)

New Penn Fin., LLC v Rubin

2022 NY Slip Op 04730

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-13028
 (Index No. 506891/15)

[*1]New Penn Financial, LLC, etc., respondent,
v
Yehoshua C. Rubin, etc., et al., appellants, et al., defendants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellants.
Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Megan K. McNamara of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yehoshua C. Rubin, Blima Rubin, and Yenty Rubin appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 4, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were to vacate an order of the same court dated November 1, 2016, and an order and judgment of foreclosure and sale (one paper) of the same court dated January 2, 2019.
ORDERED that the order dated October 4, 2019, is affirmed insofar as appealed from, with costs.
The instant mortgage foreclosure action was commenced on or about June 4, 2015, and the defendants Yehoshua C. Rubin, Blima Rubin, and Yenty Rubin (hereinafter collectively the defendants) interposed an answer dated July 8, 2015. In a order dated November 1, 2016, the Supreme Court granted the motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and for an order of reference. Thereafter, in an order and judgment of foreclosure and sale dated January 2, 2019, the Supreme Court, among other things, granted the motion of the plaintiff's predecessor in interest to confirm the referee's report and for a judgment of foreclosure and sale.
On or about April 16, 2019, the defendants moved, inter alia, to vacate the order dated November 1, 2016, and the order and judgment of foreclosure and sale dated January 2, 2019. In support of their motion, the defendants submitted affidavits, in which they averred that they had been unaware of the motion, inter alia, for summary judgment and for an order of reference, and were unaware that they had failed to oppose that motion. The defendants further averred that when the plaintiff's predecessor in interest moved, inter alia, for a judgment of foreclosure and sale, they were informed by a family member that there "may be a court appearance," but when they reached out to their attorney they were told "there was no appearance scheduled" and they "need not be concerned about the case," and only later discovered that their attorney failed to oppose that motion.
In an order dated October 4, 2019, the Supreme Court denied the defendants' motion, "without prejudice to renew upon submitting a supplemental affidavit or other evidence pertaining to prior counsel's failure to appear in opposition to [the] [p]laintiff's motion." The defendants appeal.
"A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Stango v Byrnes, 200 AD3d 821, 822, citing CPLR 5015[a][1]; see Garcia v City of New York, 189 AD3d 788, 788). "'[W]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse'" (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786, quoting Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672). "A party attributing his or her default to a former attorney must provide a detailed and credible explanation of the default," and "[c]onclusory and unsubstantiated allegations of law office failure are not sufficient" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886 [internal quotation marks omitted]).
Here, the defendants' affidavits describing their former attorney's neglect in opposing the subject motions were conclusory and unsubstantiated, and failed to constitute a reasonable excuse for default based upon law office failure (see U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1028; U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 887). As the defendants failed to establish a reasonable excuse for their defaults, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of potentially meritorious opposition to the motions (see BAC Home Loan Servicing, L.P. v Howell, 201 AD3d 782, 783; HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640-641).
The Supreme Court also properly rejected the defendants' contention that the order dated November 1, 2016, and the order and judgment of foreclosure and sale dated January 2, 2019, should be vacated on the ground that the defendants' former attorney was ineffective. "[I]t is well settled in civil litigation that an attorney's errors or omissions are binding on the client, absent extraordinary circumstances such as the attorney's mental illness" (Department of Social Servs. v Trustum C.D., 97 AD2d 831, 831 [citations omitted]). Here, the defendants "failed to establish the existence of extraordinary circumstances" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 706; see HBJOBaron Assoc. v Leahing, 142 AD3d 585, 585; Eastern Capital Group, LLC v 26 Realty Bldrs. USA, Inc., 81 AD3d 686, 687).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to vacate the order dated November 1, 2016, and the order and judgment of foreclosure and sale dated January 2, 2019.
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court