| |
|---|
| **Migkins v New York City Tr. Auth.** |
| 2026 NY Slip Op 30663(U) |
| February 24, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 155222/2015 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD A. TSAI**                    PART                    21

*Justice*

--------------------------------------------------------------------------------X

LOIS-LACHEL MIGKINS,

INDEX NO.          155222/2015

Plaintiff,

MOTION DATE          11/05/2025

- v -

MOTION SEQ. NO.          001

THE NEW YORK CITY TRANSIT AUTHORITY, THE
METROPOLITAN TRANSIT AUTHORITY, MANHATTAN
AND BRONX SURFACE TRANSIT AUTHORITY, and             **DECISION + ORDER ON**
TRANSPORT WORKERS UNION OF GREATER  NEW                          **MOTION**
YORK LOCAL 100, AFL CIO,

Defendants.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 32-50

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, it is **ORDERED** that plaintiff's discovery motion is
**GRANTED TO THE EXTENT THAT** the the deadline to complete discovery and to file
the note of issue is extended to **6/30/26**; and it is further

        **ORDERED** that the parties are directed to appear virtually for a status
conference on **3/13/26** at **11:30 a.m**.; and it is further

        **ORDERED** that all other relief sought in plaintiff's motion is denied.

        In this employment discrimination action, plaintiff alleges that she was subjected
to disparate treatment and a hostile environment due to her disability, perceived
disability, and gender, and that she suffered retaliation (*see* complaint ¶ 30 [NYSCEF
Doc. No. 1]).

        Plaintiff, an Iraq War veteran, alleges that she had started employment as a bus
operator, but she had been called up to active duty, during which she had sustained
multiple injuries and a psychological condition in Iraq (*see* complaint ¶¶ 3-4 [NYSCEF
Doc. No. 1).  Upon her return, plaintiff allegedly requested accommodations and was
assigned to the position of shifter (*id.* ¶ 9).  However, in July 2012, plaintiff was
transferred to another position which required lifting and walking, which plaintiff alleges
was not accommodating her physical limitations (*id.* ¶ 11).

        According to plaintiff, defendant Transport Workers Union of Greater New York
Local 100, AFL (Local 100) had instigated her transfer to the other position, in an effort

to force plaintiff to resign (*id.* ¶ 11). Although plaintiff was reassigned back to the position of shifter a month later, Local 100 allegedly took an active role against plaintiff to thwart her accommodation requests. A Divisional Representative of Local 100 allegedly posted plaintiff's request for accommodation on Local 100's Facebook page (*id.* ¶¶ 15). A union delegate allegedly threatened to have plaintiff removed from her job (*id.* ¶ 16). Plaintiff allegedly filed an internal EEO complaint against the representative and delegate, claiming disability discrimination (*id.* ¶ 17).

Plaintiff alleges that, in March 2013, there was a separate incident where a bus operator (who was a passenger on the bus that plaintiff was driving) began talking about sexually explicit acts in the presence of other co-workers (*id.* ¶ 19). When plaintiff allegedly attempted to get him to stop talking, he allegedly refused and threatened her (*id.* ¶ 19). Plaintiff allegedly complained to her supervisor and filed a sexual harassment complaint thereafter (*id.* ¶¶ 20-21).

According to plaintiff, defendants continued to harass her, and she filed another EEO complaint about the harassment (*id.* ¶¶ 25-28).

On or about January 9, 2014, plaintiff went out on leave, allegedly due to her disabilities, "that were in part aggravated by the discrimination and harassment" (*id.* ¶ 20). On March 6, 2015, plaintiff was allegedly advised that she was being terminated (*id.* ¶ 29).

Plaintiff commenced this action on May 22, 2015. Almost nine years later, on May 9, 2024, a consent to change attorney was filed on behalf of plaintiff (NYSCEF Doc. 25). Plaintiff's new counsel failed to appear at scheduled court appearances on October 31, 2024 and December 19, 2024.

By an agreed-upon status conference order dated April 24, 2025, the parties agreed that, "If π [plaintiff] has any additional discovery demands, π will serve them within 60 days" (*see* plaintiff's Exhibit B in support of motion [NYSCEF Doc. No. 35]). More than 60 days later, plaintiff's counsel served a Second Post Deposition demands dated September 3, 2025 (*see* plaintiff's Exhibit D in support of motion [NYSCEF Doc. No. 37] [hereafter, Second Post-EBT Demands]).

By a status conference order dated September 4, 2025, this court ruled that plaintiff's discovery demands were untimely (*see* plaintiff's Exhibit A in support of motion [NYSCEF Doc. No. 34]). However, the court permitted plaintiff to bring a written motion to vacate the ruling so as to obtain an appealable paper, and to seek an extension, nunc pro tunc, to serve the demands (*id.*).

Plaintiff now moves for an extension, nunc pro tunc, of the time to serve the Second Post-EBT demands and to compel defendants to respond to the demands. Plaintiff also seeks an extension of the deadline to complete discovery and to file the note of issue. Defendants oppose the motion.

155222/2015 MIGKINS, LOIS-LACHEL vs. NEW YORK CITY TRANSIT
Motion No. 001

Page 2 of 4

[* 2]

Oral argument was held on February 6, 2026 on the stenographic record (Latonia Lewis, court reporter). At oral argument, this court directed the parties to file a transcript of the argument, and both sides agreed to share in the cost of the transcript.

The branch of plaintiff's motion for an extension of time, nunc pro tunc, to serve the Second Post-EBT Demands is denied. The court rejects the assertion of plaintiff's counsel that the delay was due to law office failure. The missed deadline cannot be ascribed to an isolated mistake, given the larger context of missed appearances on October 31, 2024 and December 19, 2024, which was not explained.

It is hard to believe that Plaintiff's Second Post-EBT Demands arose out of the deposition of James Keys, i.e., that plaintiff learned of the existence of documents or other discovery based on information obtained from Keys. Many items sought in the Plaintiff's Second Post-EBT Demands could have been served before the deposition. The court agrees with counsel for defendant New York City Transit Authority (Transit) that Plaintiff's Second Post-EBT demands partially duplicated plaintiff's First Notice for Discovery & Inspection dated January 11, 2018, which were served by plaintiff's prior counsel.

For instance, Item I (1) of Plaintiff's Second Post-EBT Demands demanded personnel files and evaluations, which were previously demanded in Items 3 and 7 of Plaintiff's First Notice for Discovery & Inspection, for plaintiff's personal file and all annual performance reviews. Item I (2) of Plaintiff's Second Post-EBT Demands demanded all communications regarding plaintiff's requests for accommodation, which was previously demanded in Item 10 of Plaintiffs' First Notice for Discovery & Inspection. Items V (6) and (8) of Plaintiff's Second Post-EBT Demands appears partially duplicative of Items 8, 11, 12, and 13 of Plaintiffs' First Notice for Discovery & Inspection.

In the court's view, Plaintiff's Second Post-EBT Demands are an attempt to redo any discovery lapses attributable to plaintiff's prior counsel. "[I]n the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (*E. Capital Group, LLC v 26 Realty Builders USA, Inc.*, 81 AD3d 686, 687 [2d Dept 2011]).

Thus, the branch of plaintiff's motion for an extension, nunc pro tunc, of the time to serve the Second Post-EBT demands and to compel defendants to respond to the demands is denied.

However, plaintiff is free to bring a motion to compel Transit to comply with any discovery demands to which Transit had objected.

The branch of plaintiff's motion to extend the deadlines for completion of discovery and to file the note of issue is granted. The court also directs plaintiff's

155222/2015  MIGKINS, LOIS-LACHEL vs. NEW YORK CITY TRANSIT
Motion No.  001

Page 3 of 4

3 of 4

counsel to meet and confer with opposing counsel to discuss a plan for any additional discovery demands that are non-duplicative.

**ENTER:**

20260224192208RTSAIB5BBE4B857FD4F159292FF8D9027C59F

**2/24/2026**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155222/2015   MIGKINS, LOIS-LACHEL vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]