U.S. Bank Trust N.A. v Congregation Khal Chasidei Skwera, Inc.

2026 NY Slip Op 02297

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank Trust National Association, etc., respondent,

v

Congregation Khal Chasidei Skwera, Inc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-02104, (Index No. 506639/15)

Lara J. Genovesi, J.P.

William G. Ford

Lourdes M. Ventura

Susan Quirk, JJ.

Lambert & Shackman, PLLC, New York, NY (Thomas C. Lambert of counsel), for appellant.

Knuckles & Manfro, LLP, Tarrytown, NY (Ali Degan and Louis Levithan of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Congregation Khal Chasidei Skwera, Inc., appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 13, 2024. The order denied that defendant's motion denominated as one for leave to reargue an order and judgment of foreclosure and sale (one paper) of the same court dated September 28, 2023.

ORDERED that the order is affirmed, with costs.

In 2015, the plaintiff's predecessor in interest commenced this action against the defendant Congregation Khal Chasidei Skwera, Inc. (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. In June 2023, the plaintiff's motion for summary judgment and for an order of reference was granted, without opposition. In August 2023, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant did not oppose that motion. In an order and judgment of foreclosure and sale dated September 28, 2023, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property.

In February 2024, the defendant filed a motion denominated as one for leave to reargue the order and judgment of foreclosure and sale. The plaintiff opposed the motion. In an order dated March 13, 2024, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm.

The Supreme Court properly denied the defendant's motion. The defendant's contention that the motion was, "de facto," one for leave to renew is improperly raised for the first time on appeal. In any event, as the order and judgment of foreclosure and sale granted the plaintiff's unopposed motion, there was no opposition to the plaintiff's motion for the defendant to renew or reargue (see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d 900, 901; Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 677; Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705).

"'The proper procedure to cure a default in opposing a motion . . . is to move to vacate the default pursuant to CPLR 5015(a)(1), and to appeal that determination, if necessary'" (Ernest v St. Juste, 240 AD3d 667, 668, quoting U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d at 901). Since the defendant failed to move pursuant to CPLR 5015(a)(1) to vacate its default and otherwise failed to address its default in its motion, the Supreme Court properly denied the defendant's motion.

The parties' remaining contentions are either without merit or not properly before this Court.

GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court