Lindenhurst Fabricators, Inc. v Corporate Commons Three, LLC
2026 NY Slip Op 03955
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lindenhurst Fabricators, Inc., et al., respondents,
v
Corporate Commons Three, LLC, et al., defendants, Moore Group Corporation, etc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-06821, (Index No. 150266/22)
Angela G. Iannacci, J.P.
Paul Wooten
Deborah A. Dowling
James P. McCormack, JJ.

Niall MacGiollabhui, New York, NY, for appellants.
Pinks & White, Hauppauge, NY (Teresa A. White and Steven Pinks of counsel), for respondent Lindenhurst Fabricators, Inc.
Sol Kodsi, New York, NY, for respondent Premier Steel, Inc.

[*1]
DECISION & ORDER
In a consolidated action, inter alia, to recover damages for breach of contract, the defendants Moore Group Corporation and John Moore appeal from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated May 13, 2025. The order denied those defendants' motion pursuant to CPLR 5015(a)(1) to vacate two orders of the same court, both dated January 13, 2025, granting the separate unopposed motions of each plaintiff for summary judgment on the complaint insofar as asserted against those defendants, a judgment of the same court dated January 14, 2025, in favor of the plaintiff Premier Steel, Inc., and against those defendants in the principal sum of $703,009.61, and a judgment of the same court, also dated January 14, 2025, in favor of the plaintiff Lindenhurst Fabricators, Inc., and against those defendants in the principal sum of $529,895.91.
ORDERED that the order dated May 13, 2025, is affirmed, with one bill of costs.
The plaintiffs, Lindenhurst Fabricators, Inc. (hereinafter Lindenhurst), and Premier Steel, Inc. (hereinafter Premier), commenced separate actions, inter alia, to recover damages for breach of contract against, among others, the defendants Moore Group Corporation (hereinafter Moore Group), and Moore Group's president, John Moore (hereinafter together the defendants), alleging, inter alia, that Moore Group failed to pay amounts owed to the plaintiffs under subcontract agreements for work on a construction project. The actions were subsequently consolidated.
Thereafter, the plaintiffs separately moved for summary judgment on the complaint insofar as asserted against the defendants. On October 16, 2024, the day before the return date on the motions, the defendants' attorney, Timothy Kilgannon, requested an adjournment due to a health issue, and the Supreme Court adjourned the return date to January 8, 2025. Kilgannon then failed to submit opposition papers to the plaintiffs' motions or to appear on the adjourned return date. In two orders, both dated January 13, 2025, the court granted the plaintiffs' unopposed motions. On January 14, 2025, the court issued a judgment in favor of Premier and against the defendants in the principal sum of $703,009.61, and issued a separate judgment in favor of Lindenhurst and against [*2]the defendants in the principal sum of $529,895.91.
In April 2025, the defendants moved pursuant to CPLR 5015(a)(1) to vacate the orders dated January 13, 2025, and the judgments dated January 14, 2025. In support of the motion, the defendants argued, inter alia, that they had a reasonable excuse for their default based upon their former attorney, Kilgannon, having suffered from mental health issues and alcohol abuse that affected his representation of the defendants. In an order dated May 13, 2025, the Supreme Court denied the defendants' motion. The defendants appeal.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Adams v 161 Ct. St., LLC, 235 AD3d 703, 705 [internal quotation marks omitted]). While "the court has the discretion to . . . accept the ill physical or mental health of a litigant's attorney as an acceptable excuse for a default" (Goldstein v Meadows Redevelopment Co Owners Corp. I, 46 AD3d 509, 511), "a conclusory and unsubstantiated claim of ill health should be rejected" (Moore v Moore, 216 AD3d 938, 939).
Here, Moore's assertions in his affirmation submitted in support of the defendants' motion that Kilgannon "concealed" his mental health issues from Moore and regularly told him that "the case was progressing as expected" were conclusory and unsubstantiated, and thus, were insufficient to establish a reasonable excuse for the defendants' default (see New Penn Fin., LLC v Rubin, 207 AD3d 730, 732; U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1028). Moreover, the defendants failed to sufficiently substantiate their assertion that Kilgannon was suffering from mental health issues and alcohol abuse that prevented him from responding to the plaintiffs' motions, appearing on the return date for the motions, or requesting an additional adjournment of the return date (see Fuchs-Goren v Goren, 229 AD3d 520, 521-522). Since the defendants failed to demonstrate a reasonable excuse for their default, this Court need not consider whether the defendants demonstrated a potentially meritorious opposition to the motions (see Iyageh v Iyageh, 240 AD3d 675, 676).
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate the orders dated January 13, 2025, and the judgments dated January 14, 2025.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court